```
 1  KRISTA M. CABRERA, CA Bar No. 190595
        kcabrera@foley.com
 2  KEVIN JACKSON, CA Bar No. 278169
        kjackson@foley.com
 3  FOLEY & LARDNER LLP
    11988 EL CAMINO REAL, SUITE 400
 4  SAN DIEGO, CA 92130-2594
    TELEPHONE: 858.847.6700
 5  FACSIMILE:  858.792.6773

 6  Attorneys for Defendant SENTRY
    INSURANCE COMPANY
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OLSEN,<br><br>                    Plaintiff,<br><br>       v.<br><br>HORTICA INSURANCE COMPANY, a Subsidiary of SENTRY INSURANCE COMPANY, a Corporation doing business within the State of California and DOES 1-20, inclusive,<br><br>                    Defendants. | Case No. 5:21-cv-03891<br><br>**DEFENDANT SENTRY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>Filed Concurrently With:<br><br>i.    Declaration of Krista M. Cabrera;<br>ii.   Declaration of Javier Sotelo;<br>iii.  Civil Cover Sheet; and<br>iv.   Disclosure Statement and Certification and Notice of Interested Parties |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant SENTRY INSURANCE COMPANY ("Defendant") (improperly named as HORTICA INSURANCE COMPANY, a Subsidiary of SENTRY INSURANCE COMPANY) pursuant to 28 U.S.C. sections 1332, 1441 and 1446, hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in Monterey County Superior Court, Case No. 21CV001277, to the United States District Court for the Northern District of California on the following grounds:

1. On or around April 19, 2021, Plaintiff DAVID OLSEN ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of California, County of Monterey, entitled "DAVID OLSEN, v. HORTICA INSURANCE COMPANY, a Subsidiary of SENTRY INSURANCE COMPANY, a Corporation doing business within the State of California and DOES 1-20, inclusive," Case No. 21CV001277 (the "Complaint"). Defendant received service of the Complaint on or around April 23, 2021. (Declaration of Krista M. Cabrera ("Cabrera Decl."), ¶ 2.) A true and correct copy of Plaintiff's Complaint is attached to the Cabrera Decl. as **Exhibit A**.

2. The Complaint alleges the following four causes of action against Defendant: (1) Hostile Work Environment; (2) Failure to Prevent Harassment, Discrimination or Retaliation; (3) Disparate Treatment (Discrimination); and (4) Disability Discrimination. (Cabrera Decl., ¶ 2, Ex. A.)

3. This action may be removed to this Court pursuant to 28 U.S.C. section 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. A true and correct copy of the docket in the Superior Court of California, County of Monterey Court is attached to the Cabrera Decl. as **Exhibit B**.

**I.   THIS ACTION IS SUBJECT TO REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION**

**A.   Complete Diversity Exists**

5. At the time of the filing of the action and at the time of filing this Notice of Removal, Plaintiff, on information and belief, was and still is a citizen of and domiciled in California, inasmuch as

1  Plaintiff alleges that "[a]t all times herein mentioned, Plaintiff was and now is a resident of Monterey
2  County." (*See* Cabrera Decl., Ex. A, Complaint at ¶ 3.) For purposes of assessing diversity jurisdiction,
3  Plaintiff is a citizen of the State of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,
4  1090 (9th Cir. 1983) (holding that for diversity purposes, a person is a citizen of the state in which they
5  are domiciled); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding
6  that a party's allegation of minimal diversity may be based on "information and belief").

7        6.     Defendant was, at the time this action was filed in state court, and still is a company formed
8  in the state of Wisconsin with its principal place of business in Stevens Point, Wisconsin. (Declaration of
9  Javier Sotelo ("Sotelo Decl."), ¶ 4). 28 U.S.C. § 1332(c)(1) (for purposes of diversity of citizenship, a
10 corporation is a citizen of every state or foreign country where it is incorporated and where it has its
11 principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding principal place of
12 business for purposes of citizenship "refers to the place where the corporation's high level officers direct,
13 control, and coordinate the corporation's activities"). The Complaint also names Defendant Does 1
14 through 10. Pursuant to 28 U.S.C. section 1441(a), the citizenship of these defendants is disregarded.
15 Thus, all remaining defendants have consented to removal to this Court.

16       **B.**     <u>**The Amount in Controversy Requirement Is Satisfied**</u>

17       7.     From the face of the Complaint, the amount in controversy in this action exceeds
18 $75,000.00, exclusive of interest and costs. Among other claims, Plaintiff alleges Defendant subjected
19 him to a hostile work environment, discriminated against him, failed to prevent discrimination and
20 harassment against him in the workplace, and failed to accommodate his alleged disability. (*See generally*
21 Cabrera Decl., Ex. A, Complaint.) Plaintiff seeks general and special damages, attorneys' fees and costs
22 of suit. (*See* Cabrera Decl., Ex. A, Complaint at Prayer for Relief.) Specifically:

23       a.     Plaintiff alleges that as a result of Defendant's conduct, he "has suffered and
24 sustained, and continues to suffer and sustain special damages in the form of substantial loss of earnings,
25 employment benefits, retirement benefits and future earning capacity in such sums as shall be proved at
26 the time of trial," and specifically alleges that he has suffered the loss of "wages, salary, lost future
27 earnings, intangible benefits, loss of promotional opportunities, loss of reputation and additional amounts
28 of money he would have received had he not been subjected to" allegedly unlawful conduct. (Cabrera

1  Decl., Ex. A, Complaint at ¶¶ 24, 31, 35, and 39.)  Plaintiff further alleges he will be incapable of
2  mitigating his damages, insofar as he alleges that "there is virtually no chance that he will be able to find
3  employment commensurate with his level of employment with Defendants given his current age and
4  health and damage to his reputation caused by Defendants' wrongful acts that will be proven at the time
5  of trial." (*See* Cabrera Decl., Ex. A, Complaint at ¶ 25.)  Through the effective date of his resignation
6  from employment on October 5, 2020, Plaintiff was paid in calendar year 2020 the pre-tax total of
7  $113,526.69 in compensation for base salary, commissions and other pay and received an additional
8  $800.00 in health and wellness incentive credit. (Sotelo Decl., ¶ 2.)

   In addition, Plaintiff's Benefit Earnings Base ("BEB") as of January 1, 2020 was $115,863.10, and his BEB as of January 1, 2021 was $120,277.47.  For sales associates like Plaintiff, BEB is the annual average of sales payroll earnings calculated on each September 30 using the preceding 36 months of earnings, including all base pay, subsidies, and similar compensation plus paid commissions, but excluding long-term incentive compensation, discretionary company contributions to any nonqualified deferred compensation plan, special project compensation bonuses, relocation bonuses, transfer bonuses, retention bonuses, and any payments that are not considered part of the core job such as honorariums, awards (cash or other), relocation related expenses, reimbursement expenses, and other such non-job-related pay items. (Sotelo Decl., ¶ 3.)  On a monthly basis, these BEBs equate to average earnings of $9,655.26 and $10,023.12, respectively.

   Accordingly, using the calculation of 2021 average monthly earnings ($10,023,12), Plaintiff's claim for lost wages alone, as of the date of removal, exclusive of any interest, amounts to approximately $80,184.96 ($10,023.12 x 8 months).  (Cabrera Decl., ¶ 6.)  Assuming a trial date of one year from the date of removal, an estimate of Plaintiff's claim for lost wages alone, from the date of his resignation (October 2020) through the time of trial (estimated to be in May 2022), exclusive of any interest, amounts to approximately $200,464.40 ($10,023.12 x 20 months).  (*Id*.)  Additionally, a reasonable estimate of Plaintiff's claim for economic damages for two years of lost future wages at the time of trial, exclusive of any interest, amounts to approximately $240,554.88.  (*Id*.)  Accordingly, Plaintiff's claim for economic damages in the form of lost and future wages alone at the time of trial, exclusive of interest, totals approximately $441,019.28.  (*Id*.)

b.  Plaintiff also alleges that Defendant subjected him to "emotional and psychological abuse . . . and that abuse was so deep and pervasive, causing psychological damage that may never be cured." (*See* Cabrera Decl., Ex. A, Complaint at ¶ 19.)  He further alleges that he has "suffered and continues to suffer great, grievous and continuing emotional and mental anxiety, shame, humiliation, obloquy, and pain and suffering, all to his general damages in such sums as shall be proven at trial." (*See* Cabrera Decl., Ex. A, Complaint at ¶ 23.)  While the exact amount of Plaintiff's alleged emotional distress damages are not currently known, based on Plaintiff's allegations, such alleged damages are far more than nominal in character.

c.  Finally, Plaintiff is seeking to recover attorneys' fees in this matter, which are includable in the amount in controversy. (*See* Cabrera Decl., Ex. A, Complaint at Prayer for Relief); *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that applying 12.5% of the total amount in controversy is a conservative estimate for attorneys' fees). The total amount in controversy, as set forth in the paragraphs above, exceeds $441,019. (Cabrera Decl., ¶ 6.)  Accordingly, a reasonable estimate of Plaintiff's attorneys' fees is a minimum of $55,127.41. ($441,019.28 x 0.125). (*Id*. at ¶ 7.)

d.  Based on Plaintiff's allegations and demands for damages, it is reasonable to estimate that the amount in controversy far exceeds $75,000.00.

## II. THIS NOTICE OF REMOVAL IS TIMELY

8.  This Notice of Removal is timely under 28 U.S.C. section 1446(b) because Plaintiff served Defendant with the Complaint on April 23, 2021.  This removal is being filed within 30 days of service of the Complaint.

## III. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

9.  Removal to this Court is proper as the Superior Court of the State of California, County of Monterey, where this action was originally filed, is located within this district.

10.  Defendant believes the documents contained in Exhibit A to the Cabrera Decl. comprise the complete record of filings made in the Superior Court for the State of California, County of Monterey.

11.  Because Plaintiff and Defendant are citizens of different states and the amount in controversy is greater than $75,000.00, this Court has original jurisdiction over all causes of action alleged

in this matter pursuant to the provisions of 28 U.S.C. section 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441.

12. Pursuant to 28 U.S.C. section 1446(d), Defendant is filing written notice of this removal with the clerk of the Superior Court for the State of California, County of Monterey. Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. section 1446(d).

13. Wherefore, Defendant prays that this action be removed from the Superior Court of the State of California, County of Monterey to the United States District Court for the Northern District of California, and for such further relief as may be just and proper.

14. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATED:  May 24, 2021

**FOLEY & LARDNER LLP**
Krista M. Cabrera
Kevin Jackson


 /s/ Krista M. Cabrera
Krista M. Cabrera
Attorneys for Defendant SENTRY INSURANCE COMPANY